SCHMID *v.* KAPPLER.

1. TRIAL—INSTRUCTIONS—REQUESTS TO CHARGE.
    If defendant desired more elaborate instruction on defense of
    payment than that given in general charge, request therefor
    should have been made.

2. APPEAL AND ERROR—USE OF ''PROOF'' FOR ''EVIDENCE''—HARM-
    LESS ERROR.
    Inadvertence of trial judge, in charge, in referring to defend-
    ant's ''proof'' instead of ''evidence'' was harmless and does
    not constitute reversible error.

Error to Washtenaw; Sample (George W.), J. Submitted October 21, 1930. (Docket No. 118, Calendar No. 35,118.) Decided December 2, 1930.

Assumpsit by Joseph Schmid against William Kappler on note and for balance due on account. From verdict and judgment for plaintiff, defendant brings error. Affirmed.

*Carl A. Lehman,* for plaintiff.

*Frank E. Jones* and *William M. Laird,* for defendant.

CLARK, J. This suit is on a note and an account claiming a balance due of nearly $1,500. Plaintiff had verdict and judgment for $1,145.59. Defendant brings error.

Plaintiff furnished meat from time to time to defendant, who was in the sausage business. Plaintiff, it seems, kept no books. He testified that sales slips, which he produced, were for items unpaid, and that he had surrendered slips for paid items. The

defense is payment, supported by testimony that payments were made generally on the account past due, and that plaintiff had failed to credit certain payments made. Plaintiff's contention is that such payments were for items for which he had no sales slips, and for which credit had been given. Defendant's books were lost. There was evidence that the account was not stated and that there had been no full settlement. Defendant admitted owing plaintiff part of the demand.

The judge gave a general instruction that defendant had the burden of proof of the defense of payment. There is criticism because there was not specific instruction respecting certain exhibits, especially checks. Defendant preferred no requests to charge. If he desired more elaborate instruction, he should have requested it.

In the charge the trial judge said, ''If you are convinced by the defendant's proof that payment has been made,'' as contended by defendant, the finding should be in his favor. Instead of saying ''defendant's proof,'' the judge should have said ''evidence.'' In other parts of the charge the court referred to all of the proof. Moreover, plaintiff was the only witness in his own behalf (except as to computation) and defendant's testimony is that of himself and daughter. There is flat contradiction. We are not impressed that the quoted inadvertence was harmful nor that it requires reversal.

The trial judge denied a motion for a new trial, having the opinion that the verdict was neither excessive nor against the great weight of the evidence. We are not persuaded that he was in error.

Affirmed.

Wiest, C. J., and Butzel, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.